Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 93 C 5152 | **DATE** | 5/15/2002 |
| **CASE TITLE** | Gonzalez-Bey vs. Godinez et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, defendants' motion for relief [156-1] or, in the alternative, to bar plaintiff's expert [156-2] is granted in part and denied in part. Enter Memorandum Opinion and Order. Status hearing before Magistrate Judge Mason set for 6/12/02 at 9:00 a.m. in courtroom 2214. The parties shall deliver a copy of an initial status report providing the information required by the enclosed Order Setting Initial Status Report to the Courtroom Deputy (Room 2220) by 6/10/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 1 6 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 160 |
| | Mail AO 450 form. | | IS | |
| ✓ | Copy to judge/magistrate judge. | | docketing deputy initials | |
| | | | 5/15/2002 | |
| | | | date mailed notice | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials | |

| | |
|---|---|
| EDWIN GONZALEZ-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 93 C 5152 |
| v. ) | |
| ) | Judge Nordberg |
| SALVADOR GODINEZ, et al., ) | Mag. Judge Mason |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

The plaintiff in this prisoner civil rights case has retained Brian Cole, M.D., an orthopedic surgeon, as an expert witness. Dr. Cole charges $500 per hour for depositions, requires that he be paid for a minimum of two hours, regardless of the actual length of the deposition, and requires that he receive payment for the first two hours of the deposition one week in advance. Defendant, the State of Illinois, objects to all three of Dr. Cole's requirements, arguing that $500 per hour is excessive and that it will only pay for Dr. Cole for the time he actually spends being deposed. Further, defendant states that it is logistically impossible to pay Dr. Cole in advance of the deposition because several state agencies must process the request for payment, which could take up to 120 days.

Pursuant to Fed.R.Civ.P. 26(b)(4)(C), a party seeking discovery from an opponent's expert witness shall pay that witness "a reasonable fee" unless doing so would result in "manifest injustice." See *Royal Maccabees Life Ins. Co. v. Malachinski*, 96 C 6135, 2001 WL 290308 at *15 (N.D.Ill. March 20, 2001). In order to determine the reasonableness of a fee, the court considers six factors: 1) the witness' area of expertise; 2) the education



and training that it required to provide the expert insight which is sought; 3) the prevailing rates of other respected available experts; 4) the nature, quality and complexity of the discovery responses provided; 5) the fee actually charged by the expert on related matters; and 6) any other factor likely to assist the court. *Id.* at *16, citing *McClain v. Owens-Corning Fiberglass Corp.*, No. 89 C 6226, 1996 WL 650524, at *3 (N.D.Ill. Nov. 7, 1996).

In this case, Dr. Cole is a board-certified orthopedic surgeon with a sub-specialty in shoulder surgery and reconstruction and impressive credentials. He plans to testify that the plaintiff's injuries are consistent with his contention that he was injured by abusive security officers, and that the contrary testimony by one of these officers that plaintiff was injured when he lost his balance and fell is not supported by the nature of the injury. Plaintiff provides evidence that at least one other expert physician it has used charges almost the same amount to be deposed (minimum charge of $750 for the first 1½ hour, paid in advance), and that Dr. Cole has charged and received his requested fee in several other civil rights cases. The defendant counters that its expert physician only charges $200 per hour, but the plaintiff notes that the defendant's expert is not an orthopedic surgeon, and he testified that he is a contract employee who works for the State of Illinois.

Defendant also argues that it would create "manifest injustice" to allow Dr. Cole to receive $500 per hour because it would create a hardship on the taxpayers of Illinois. However, the manifest injustice requirement is a "stringent standard" and only applies in special circumstances. *See Royal Maccabees*, 2001 WL 290308 at *16, *citing Reed v. Binder*, 165 F.R.D. 424, 427-28 (D.N.J. 1996). We do not find that it would create a "manifest injustice" to compel the State of Illinois to pay Dr. Cole's fee even if it is eventually spread over all Illinois taxpayers; indeed, defendant itself admits that the

2

deposition likely won't last more than one to two hours.

In this case, we find that the plaintiff has sustained its burden of demonstrating that Dr. Cole's rate of $500 per hour is reasonable, given his expertise and the rates of other doctors for similar work. However, we limit his minimum charge to $750, representing 1½ hours of deposition time. As to Dr. Cole's requirement that he receive his minimum payment a week before the deposition, plaintiff offered in his brief to work out a plan with defendant whereby plaintiff advances Dr. Cole his fee, and then receives reimbursement from the defendant when it is available. We agree that the parties should work out such a plan. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: May 15, 2002